**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2890
_____

JASON L. BROWN,
                    Appellant

v.

DELAWARE COUNTY COURT OF COMMON PLEAS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-03043)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2019
Before:  MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Jason L. Brown, a former Pennsylvania prisoner proceeding pro se and in forma

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pauperis, appeals from the District Court's order dismissing his complaint. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We will affirm.

## I.

In 2003, Brown was convicted in the Court of Common Pleas of Delaware County of robbery, aggravated assault, and related offenses. He was sentenced to a term of two-to-five years' imprisonment. In 2017, Brown filed a number of motions in the Court of Common Pleas challenging his 2003 conviction. Brown's most recent motion, a motion to expunge his conviction, was denied in August 2018. Brown has appealed that ruling to the Superior Court of Pennsylvania.

In July 2018, while his motion to expunge was still pending in the Court of Common Pleas, Brown filed a complaint in the United States District Court for the Eastern District of Pennsylvania claiming that his constitutional rights had been violated during proceedings on that motion. Specifically, Brown claimed that the Court of Common Pleas had violated his rights under: the Fifth Amendment of the United States Constitution; Article 7, Article 1, § 10, and Article 3, § 2, clause 3 of the United States Constitution; and 42 U.S.C. § 1985. Brown further claimed that two of the Delaware County district attorneys, "through the premises of the [Court of Common Pleas]," had conspired to interfere with the dismissal of his criminal case. Brown sought damages and an order directing the Court of Common Pleas to "dismiss [his] criminal record history." Brown named solely the Court of Common Pleas as a defendant.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim upon which relief may be granted. Specifically, the District Court concluded that: (1) Brown failed to state a claim against the Court of Common Pleas because: the court was entitled to Eleventh Amendment immunity, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005), the court is not a person under § 1983, and Brown did not allege any facts supporting a class-based conspiracy under § 1985; (2) Brown's claims for damages were foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and (3) to the extent that Brown intended to state claims against the district attorneys who litigated his motion to expunge, they too would be immune from suit under § 1983, see Imbler v. Pachtman, 424 U.S. 409, 410, 430 (1976). Brown appeals.

II.

We will affirm the District Court's order for substantially the reasons stated by the District Court. On appeal, Brown argues that the District Court failed to give him an opportunity to amend his complaint before dismissing it. We agree with the District Court, however, that amendment would have been futile, and Brown has not directed us to any factual allegations that could have cured the deficiencies in the complaint. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3

In his brief, Brown also asks us to exercise our authority under the All Writs Act to expunge his criminal record. We do not have the authority to do so. <u>See</u> 28 U.S.C. § 1651 (granting us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law").

Next, to the extent that Brown continues to argue that his state-court convictions should be set aside, his sole remedy in federal court lies in a habeas corpus petition. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Lastly, Brown's unsupported assertions that the District Court lacked subject-matter jurisdiction over the complaint and that venue was improper are meritless.

III.

Therefore, we will affirm the District Court's order.